A levy made on lands under a fieri facias (if it can be called a levy) does not divest even the possession of the defendant, much less does it vest his estate in the sheriff; and he who purchases at a sheriff's sale comes to the estate under the defendant, and not under the sheriff. The sheriff is no more than an agent, constituted by law to transfer the defendant's estate to the purchaser; his transfer does not interfere with the rights of others; he can only convey the estate which the defendant had at the time of the transfer, with a relation to the teste of the execution in certain case, for reasons peculiar to such cases; in the case of the heir, because he is a mere volunteer and comes to the estate in representation of the debtor; in the case of a purchaser from the defendant, because *Page 30 
it is a presumption of law that such purchase was fraudulent as to the execution creditor, and, if so, it is the estate of the defendant as to such creditor, and the purchaser at his execution sale succeeds to his right. But there is no relation as to the wife; she claims the estate not as representing the husband, but in her own right, and as a purchaser by the operation of law, and to her acquisition no fraud can be imputed. It is supposed, because the purchaser at the execution sale can defeat him who purchases from the husband after the teste, and the latter can defeat the widow, where the husband dies after the teste, that the purchaser at the execution sale has a title preferable to that of the widow; and so it would be if the wife's estate could be impeached on the ground of fraud — that is, if it was presumption of law that the death of the husband was designed to defeat the execution, as it is the presumption that a sale or transfer made by a debtor after the teste of the execution was so designed. In the contest, (40) therefore, between the purchaser at the sale under execution and the purchaser from the defendant, the title of the latter is impugned on the ground of fraud, which cannot be urged against the widow's title. But in the contest between the widow and the purchaser from the husband, the widow, not claiming under theexecution, cannot impute fraud to the purchaser from her husband; for this presumption of fraud extends only to the protection of those who claim under the execution.
It is admitted that if it be shown that A is superior to B, and that B is superior to C, it is thereby shown that A is superior to C. But it is denied that if it be shown that A is superior to B in strength, and that B is superior to C in skill, it is thereby shown that A is superior to C in either.
There is a clear application of these principles in cases of bankruptcy. It is universally admitted that if a trader, after the test of a writ of execution, and after a levy, commit an act of bankruptcy, the whole of his property becomes vested in the commissioners of bankruptcy, and passes to the assignees. Under the words of the statute, "all his property," the execution creditor loses his lien arising from the levy; the relation to the test has no effect, because the commissioners came to the estate by act of law, and, therefore, fraud cannot be imputed to them; for bankruptcy is considered in law as an involuntary act. These cases, in principle, I think, cannot be distinguished: the wife comes to her estate by act of law, the death of her husband not being considered a voluntary and *Page 31 
fraudulent transfer to defeat the execution creditor. The wife's title, therefore, being bona fide, prior in point of time, must prevail against the purchaser under the execution. I have felt great delicacy in pronouncing this opinion, for it overrules a decision of this Court, made without argument (a decision in which I concurred) and founded on one made by Judge Haywood, from which it was said, however, that Judge Williams
dissented. I have therefore forborne to express (41) it for more than twelve months after I had formed it; but a sense of duty compels me to forbear no longer. I therefore concur in opinion with the Chief Justice, that the judgment of the Superior Court be reversed and that petitioner receive dower in the lands mentioned in the petition, and that this cause be remanded with such instructions.